IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE LUIS GONZALES,** | : | |
| *Petitioner* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **JOHN A. RIVELLO** *et al.*, | : | No. 20-3369 |
| *Respondents* | : | |

**O R D E R**

**AND NOW**, this 3rd day of May, 2024, upon careful consideration of *pro se* Petitioner Jose Luis Gonzales's Petition for Writ of Habeas Corpus (Doc. No. 2), Respondents' Responses to the Petition (Docs. No. 20), Petitioner's Objections to the Responses (Doc. No. 28), and Magistrate Judge Pamela A. Carlos's Report and Recommendation (Doc. No. 29) to which Mr. Gonzales did not file any objection, it is **ORDERED** that:

    1.     The Report and Recommendation (Doc. No. 29) is **APPROVED** and **ADOPTED**.[1]

---

[1] When there is no timely objection to a magistrate judge's Report & Recommendation, the district court need only review the record for plain error. *See Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998) (Vanaskie, J.). However, because adopting the Report & Recommendation is dispositive, a court should give "some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *cert. denied*, 484 U.S. 837. Magistrate Judge Carlos filed her Report & Recommendation on March 5, 2024. At the time of this Order, Mr. Gonzales has still not responded to the Report.

    In her Report & Recommendation, Magistrate Judge Carlos first found that Mr. Gonzales's first, second, and third claims alleging that the trial court violated his rights under the Fourth and Fourteenth Amendments when admitting evidence from an unconstitutional detention/search and seizure were not cognizable in federal habeas review when Mr. Gonzales had a full a fair opportunity to litigate those claims in state court. Doc. No. 29 at 10. The Court agrees with Magistrate Judge Carlos's fulsome analysis in which she details the opportunities both at the trial court and the state appellate courts where Mr. Gonzales could have and did present these arguments. *Id.* at 11-12.

    Magistrate Judge Carlos also found that Mr. Gonzales's fourth claim for relief, that his trial counsel was ineffective for not fully challenging the sufficiency of the search warrant of Mr. Gonzales, also does not warrant habeas relief where Mr. Gonzales failed to articulate any facts supporting his claim. *Id.* at 13. Magistrate Judge Carlos analyzed in detail the reasons why Mr. Gonzales's fourth claim is unexhausted and procedurally defaulted, how Mr. Gonzales has not shown cause for excusing his default, and how Mr. Gonzales has not demonstrated that failing to consider the claim would lead to a miscarriage of justice. *Id.* at 14-19. The Court again agrees with Magistrate Judge Carlos's analysis. Thus, the Court adopts the Report & Recommendation (Doc. No. 29).

1

2. The Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED with prejudice**.

3. There is no probable cause to issue a certificate of appealability.[2]

4. The Clerk of the Court shall mark this case **CLOSED** for all purposes, including statistics.

**BY THE COURT:**

*/s/ Karen Spencer Marston for*
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Because jurists of reason would not debate the procedural or substantive dispositions of Petitioner's claims, no certificate of appealability should be granted. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.").